AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | |
|---|---|
| United States of America<br>v.<br>William Scott SIMMS<br>(U.S.C. / Y.O.B. 1949)<br><br>*Defendant(s)* | )<br>)<br>) Case No. M-21-1162-M<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 26, 2021__ in the county of __Hidalgo__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 26 U.S.C. 5861(d) | It shall be unlawful for any person to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record. |
| Title 26 U.S.C. 5861(i) | It shall be unlawful for any person to receive or possess a firearm which is not identified by a serial number as required by this chapter. |

This criminal complaint is based on these facts:

See ATTACHMENT A

United States District Court
Southern District of Texas
FILED

MAY 27 2021

Nathan Ochsner, Clerk

☑ Continued on the attached sheet.

*Complainant's signature*

Stephen J Zilko, Special Agent, ATF
*Printed name and title*

Approved by AUSA Robert Guerra

Date: 5/27/21 - 4:28 p.m.

City and state: McAllen, Texas

*Judge's signature*

Juan F. Alanis, U.S. Magistrate Judge
*Printed name and title*

**ATTACHMENT A**

The facts establishing the foregoing issuance of an arrest warrant are based on the following:

I, Special Agent Stephen Zilko, affiant, do hereby depose and state the following:

I am a Special Agent of the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I have been a law enforcement officer for over eight years. My duties include the investigation of violations of the federal firearms laws. I know it to be unlawful for any person to receive or possess a firearm made in violation of the provisions of Title 26, to wit: a machinegun rifle as described in 26 U.S.C. 5861(d) and (i). This criminal complaint is based on the following facts:

On May 26, 2021, ATF Special Agents with the assistance of Homeland Security Investigations (HSI), conducted an undercover operation to purchase one (1) unregistered firearm silencer from William Scott SIMMS (hereinafter referred to as SIMMS) for $500. During the operation, SIMMS met with an ATF Undercover Agent (hereinafter referred to as ATF UC) at a business located in Edinburg, Texas. SIMMS arrived in a black in color Cadillac.

During the meeting with the ATF UC, SIMMS told the UC that he had manufactured eleven (11) fully automatic rifles. SIMMS then informed the UC that he had the machineguns in the back of his vehicle. The ATF UC inspected the firearms and confirmed the firearms were fully automatic rifles and met the definition as machineguns under 26 U.S.C. 5845(b).

SIMMS further explained to the UC that the machineguns did not have registration markings on the firearms. SIMMS further indicated to the ATF UC that he was building machineguns with fraudulent identifying markings in order to prevent the firearms from being traced back to him.

The ATF UC told SIMMS that the UC wanted to purchase the machineguns for illegal export into Mexico to be used by drug cartels to fight Mexican law enforcement and rival drug cartels. SIMMS indicated that he would sell the machineguns to the ATF UC knowing they would be illegally exported. SIMMS indicated that the price for a fully automatic rifle would be $10,000 and $10,500 if the UC wanted the machineguns equipped with a firearms silencer.

After this discussion, the ATF UC and SIMMS completed the transaction for the unregistered firearm silencer for $500. SIMMS was subsequently arrested by ATF and HSI Agents and the firearms were taken into evidence. A query of the National Firearms Registration and Transfer Record for SIMMS produced negative results, indicating that SIMMS possessed the firearms in violation of 26 U.S.C. 5861(d). Additionally, the firearms were not identified by a serial number as required by 26 U.S.C. 5861(i).